```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

JASON THIEL,

               Plaintiff,

vs.                                          Case No. 19-3126-SAC

RENO COUNTY COMMISSION, et al.,

               Defendants.


**O R D E R**

On August 9, 2019, the court issued an order screening plaintiff's pro se excessive force complaint pursuant to 28 U.S.C. § 1915A. The order directed plaintiff to show cause by September 6, 2019 why defendants Reno County Commission, Hutchinson Police Department and unknown police officers should not be dismissed. Plaintiff filed responses on August 21, 2019 and September 6, 2019 which are before the court for review. See Doc. Nos. 4 and 6.

In the screening order, the court held that plaintiff's complaint failed to allege facts showing plausible grounds to find governmental liability for the excessive force he described in the complaint. The complaint did not contain facts which indicated that the alleged excessive force was the result of a municipal policy, custom or practice, or of a failure to train and supervise. Plaintiff's responses to the screening order do not cure this deficiency. Nor do plaintiff's responses show why the Hutchinson

1

Police Department should remain a defendant, when this court has previously dismissed such governmental sub-units in similar cases.

Plaintiff's responses also do not show cause why the unnamed defendants should be found liable for the alleged incident of excessive force. Indeed, plaintiff states that defendant Travis Dorian is the one who acted with excessive force while other unnamed officers lied about it. Plaintiff does not assert facts showing that these "lies" violated plaintiff's constitutional rights.

Plaintiff makes a request for appointment of counsel in a letter filed with one response to the show cause order. Doc. No. 4-1. He has repeated that request in Doc. No. 6. Plaintiff's requests shall be denied without prejudice. In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)). Here, the court understands that plaintiff may face some obstacles in presenting the facts and law concerning his case.

2

But, this is a relatively simple case and, at this point in time, the court is not convinced that appointment of counsel is warranted. Considering all of the circumstances, including that the merits of the case are unclear, the court shall deny plaintiff's requests for appointment of counsel without prejudice to plaintiff renewing them at a later point in this litigation.

Finally, in plaintiff's response at Doc. No. 6, he asks to amend the amount of his damages claim.[1] The court shall allow plaintiff to increase his damages claim.

In conclusion, the court shall direct that all defendants except Travis Dorian be dismissed from this case. The court further directs the Clerk of the Court to prepare waiver of service forms pursuant to Fed.R.Civ.P. 4(d) to be served upon defendant Dorian at no cost to plaintiff. Plaintiff's requests for appointment of counsel are denied without prejudice to plaintiff renewing the request at a later time. Plaintiff's request to amend his complaint by increasing his damages claim is granted.

**IT IS SO ORDERED.**

Dated this 11th day of September, 2019, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge

---

[1] The original complaint sought $100,000, expungement of previous convictions, payment of medical bills and other relief. Plaintiff seeks to increase his damages claim to $2,000,000.00.